UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| GEORGE W. WILSON,<br><br>  Petitioner,<br><br>  v.<br><br>WARDEN,<br><br>  Respondent. | CAUSE NO. 3:22-CV-497-MGG |

OPINION AND ORDER

George W. Wilson, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (ISP-22-2-75) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of assaulting staff in violation of Indiana Department of Correction Offenses 117. Following a hearing, he was sanctioned with a loss of ninety days earned credit time.

Wilson argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence to find that he assaulted staff. He maintains that the video recording evidence was inconsistent with the statements of correctional officers.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a sergeant represented that, when he informed Wilson that he could not take a shower, Wilson charged him, pushed his wheelchair into him, and attempted to hit him. ECF 8-1. A second sergeant submitted a statement representing that he saw Wilson's attempt to hit the first sergeant. ECF 8-7. The administrative record also includes the video recording of the housing unit during the incident. ECF 12. To Wilson's point, the video recording does not corroborate every detail of the sergeants' narratives, but the majority of the incident is simply not visible on the recording due to the limited perspective of the camera. To the extent that the incident is captured on the video recording, it shows some interaction between Wilson, the two sergeants, and a wheelchair and is thus consistent with the sergeants' narratives. The conduct report, the sergeant's statement, and the video recording constitute some evidence that Wilson assaulted staff. Therefore, this claim is not a basis for habeas relief.

If Wilson wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

2

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES George W. Wilson leave to appeal in forma pauperis.

SO ORDERED on December 5, 2022

s/ Michael G. Gotsch, Sr.  
Michael G. Gotsch, Sr.  
United States Magistrate Judge